2015-1822 (La. 11/15/16)

**STATE EX REL. Arthur Lee TAYLOR, Jr.**

v.

**STATE of Louisiana**

No. 2015–KH–1822

Supreme Court of Louisiana.

11/15/2016

PER CURIAM:

Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93–2330 (La. 9/5/95), 660 So.2d 1189. The application is also repetitive. La.C.Cr.P. art. 930.4.

Relator has now fully litigated at least 11 applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

Attachment

STATE OF LOUISIANA      :      NUMBER: 99,630; SECTION 4

VERSUS      :      FIRST JUDICIAL DISTRICT COURT

ARTHUR LEE TAYLOR, JR.      :      CADDO PARISH, LOUISIANA

SEP 2 2 2015

CADDO PARISH DEPUTY CLERK

## R U L I N G

On October 21, 1975, Petitioner, ARTHUR LEE TAYLOR, JR., was found guilty of Second Degree Murder, by a jury. Whereupon, on November 20, 1975, Petitioner was sentenced to life imprisonment at hard labor and committed to the Louisiana Department of Corrections, subject to the conditions provided by law.

On appeal, the Petitioner's sentence and conviction were affirmed by the Second Circuit Court of Appeal. *State v. Taylor*, 336 So. 2d 855 (La. 1976).

The subject of this ruling is Petitioner's "Traverse to the Answer of Respondent", filed September 15, 2015. In his Traverse, Petitioner essentially raises the same arguments that he raised in his Uniform Application for Post-Conviction Relief. As this Court previously explained in its previous Ruling, Petitioner's current application is untimely. To be considered, an application for post-conviction relief must be filed within two years of the conviction. *La. C. Cr. P. Art.* 930.8. The conviction in this case has been final since 1976 and Petitioner has not satisfied an exception to the two-year time limitation for seeking post-conviction relief. Since Petitioner's Application is untimely, his Traverse is likewise untimely. Additionally, Petitioner's Application and Traverse are both repetitive. The issues raised by Petitioner in his Application and Traverse have been raised in previously filed applications. This Court has already addressed each of these issues.

For the foregoing reasons, Petitioner's "Traverse to the Answer of Respondent", filed September 15, 2015, is **DENIED**.

The Clerk of Court is directed to provide a copy of this Ruling to the Petitioner, his custodian and the District Attorney.

Exhibit "C"

ENDORSED FILED

SEP 2 4 2015

RENDERED, READ AND SIGNED this 22nd day of September, 2015, in Shreveport, Caddo Parish, Louisiana.

RAMONA L. EMANUEL
DISTRICT JUDGE

SERVICE INFORMATION:
Arthur Lee Taylor, Jr. #82818
Ash 3
Louisiana State Penitentiary
Angola, Louisiana 70712

Caddo Parish District Attorney's Office

2015-1775 (La. 11/15/16)